## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DDROPS COMPANY, REINHOLD VIETH,
and ELAINE VIETH,

       Plaintiffs/Counterclaim Defendants,

       v.

MOM ENTERPRISES, LLC, d/b/a
MOMMY'S BLISS,

       Defendant/Counterclaim Plaintiff.

Civil Action No. 22-332-GBW

---

## ORDER

At Wilmington this 2nd day of June 2023:

Having held a *Markman* hearing on June 1, 2023 ("Tr. __"), IT IS HEREBY ORDERED that the claim terms of U.S. Patent No. 9,066,958 ("the '958 patent") with agreed-upon constructions are construed as follows:

1. "one drop of composition consisting of . . ." has its plain and ordinary meaning, which is "one drop of $C_6$-$C_{12}$ liquid fatty esters of glycerol sufficient to administer a nutritional or therapeutically effective dose of vitamin D" (the '958 patent, claims 1, 3-5);

2. "a nutritional or therapeutic effective amount . . ." has its plain and ordinary meaning, which is "the amount of vitamin D in the composition of use in the practice of the invention may be readily selected to be that amount which provides suitable effects on the circulating concentration of 25-hydroxyvitamin D" (the '958 patent, claims 1, 3-5);

3. "liquid triglyceride of 6 to 12 carbon chain length . . ." as used in claims 1, 3, and 4 has its plain and ordinary meaning, which is "$C_6$-$C_{12}$ liquid fatty acid esters of glycerol including medium chain triglycerides which can be a mixture of 2-4 ($C_6$-$C_{12}$) fatty acids/glycerol esters" (the '958 patent, claims 1, 3-4);

4. "liquid triglyceride of 6 to 12 carbon chain length . . ." as used in claim 5 has its plain and ordinary meaning, which is "$C_6$-$C_{12}$ liquid fatty acid esters of glycerol including medium chain triglycerides which can be a mixture of 2-4 ($C_6$-$C_{12}$) fatty acids/glycerol esters, where not less than 95% of the fatty acids have 8 to 10 carbon atoms" (the '958 patent, claim 5); and

5. "wherein said drop adheres to the surface of said object" has its plain and ordinary meaning, which is "the drop is sufficiently viscous so that one drop does not immediately drip or roll away from the object that enters the mouth, so that no portion would drip off the object and surface. The drop does not coat or adhere to the object so as to prevent efficient removal of the drop from the object" (the '958 patent, claims 1, 3-5).

Based on the representations made by both parties during the *Markman* hearing and as announced during the hearing, IT IS HEREBY ORDERD that the disputed claim term of the '958 patent is construed as follows:

1. "vitamin D" means "(5Z-7E)-(3S)-9,10-seco-5,7,10(19)-cholestatrien-3-ol also having the trivial names cholecalciferol or calciol (D3); and ergocalciferol (D2)" (the '958 patent, claims 1, 3-5).[1]

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

_____

[1] As stated during the hearing, "a person of ordinary skill in the art would understand [this] language to refer to either Vitamin D2 or Vitamin D3." Tr. at 17.