IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DDROPS COMPANY, REINHOLD VIETH, and ELAINE VIETH,<br><br>                        Plaintiffs,<br>v.<br><br>MOM ENTERPRISES, LLC, d/b/a MOMMY'S BLISS<br><br>                        Defendant. | Civil Action No. 22-cv-332-GBW<br><br>**UNSEALED ON 5/24/24** |

## MEMORANDUM ORDER

Before the Court is Defendant MOM Enterprise LLC's ("MOM") Renewed[1] Motion to Stay the proceedings in the instant patent infringement case (D.I. 120, the "Motion,"), which is opposed by Plaintiffs Ddrops Company, Reinhold Vieth, and Elaine Vieth (collectively, "Ddrops"). D.I. 122. MOM seeks a stay pending resolution of *Inter Partes* review of U.S. Patent No. 9,066,985 ("the '958 patent"). For the reasons set out below, MOM's Motion is **GRANTED**.

The '958 patent is the sole asserted patent, with four asserted claims. D.I. 1. The Patent Trial and Appeal Board (PTAB) instituted trial on all grounds, covering all asserted claims. *MOM Enterprises, LLC v. Elaine and Reinhold W. Vieth*, IPR2023-00726, Paper 10 (PTAB Sept. 15, 2023).

---

[1] MOM moved to stay pre-institution, and the Court denied without prejudice. D.I. 108.

1

## I. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

## II. DISCUSSION

The first factor—whether granting the stay will simplify the issues for trial—favors a stay. The PTAB has, by instituting, found there is a "reasonable likelihood of demonstrating unpatentability of the challenged claims." IPR2023-00726, Paper 10 at 11. The PTAB found plaintiffs' arguments unconvincing with respect to each of the challenged claims. *See id.* at 21-22, 45-47 (finding a reasonable likelihood of success on each ground). Even if not every claim is invalidated, the Court will benefit from estoppel, and from seeing the PTAB's decisions on the prior art. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017). The scope of the lawsuit will be narrowed by the IPR. Every claim invalidated in the IPR will remove issues before the Court.

The second factor—the stage of the litigation—weighs in favor of a stay because "the most burdensome stages of the cases—completing fact discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in

post-trial motions practice—all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). In this case, fact discovery is ongoing (indeed, 16 depositions remain), expert discovery has not yet begun, and dispositive motions and trial preparation have yet to begin. D.I. 121 at 2. "[T]he bulk of the expenses that the parties would incur . . . is still in the future." *Id.* (internal citations omitted). *IOENGINE, LLC*, 2019 WL 3943058, at *5.

The third factor—whether a stay would cause non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage—slightly weighs against a stay. The parties are direct competitors, D.I. 122 at 4, but Defendant has already discontinued the use of the allegedly-infringing instruction. D.I. 104, Ex. A Decl. of Kaderali at ¶¶ 3-4. Plaintiffs have also not sought an injunction yet, so the only prejudice would be a delay of monetary damages. D.I. 122 at 4. This factor weighs slightly against a stay.

Plaintiffs also argue there is prejudice because discovery disputes are ongoing and "[i]f this case is stayed for a year or more, there is a virtual certainty that MOM will have no one who can provide detailed information about how it performed its searches for responsive documents." *Id.* The Court is optimistic these discovery disputes can be resolved, and that the correspondence between the parties can provide sufficient evidence of how document requests were carried out.

### III. CONCLUSION

On balance, the three factors weigh in favor of granting a stay. The possibility of entirely disposing of the case—and realizing such a benefit at a very early stage—is compelling to warrant a stay of this litigation. Any undue prejudice suffered by Plaintiffs is minimal and can be adequately remedied through monetary damages.

3

Therefore, at Wilmington this 20th day of October 2023, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay, *see* D.I. 120, is **GRANTED**.

                                                                       GREGORY B. WILLIAMS
                                                                       United States DISTRICT JUDGE